

FILED
MAR 09 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ARTHUR JAMES EAGLE FEATHER,<br>Defendant. | 3:99-CR-30092-CBK<br>ORDER |

    Defendant pleaded guilty to raping an 11-year old girl and was sentenced on June 19, 2000, to 82 years imprisonment with no eligibility for parole until he has served 1/3 of his sentence. The Federal Bureau of Prisons ("BOP") has calculated defendant's full release date as December 29, 2048. https://www.bop.gov/inmateloc/, visited February 28, 2022. Defendant sent a letter to the Clerk of Court requesting that counsel be assigned to assist him in filing a motion for compassionate release. The letter was docketed as a motion for compassionate release under the First Step Act. The Public Defender has moved to withdraw as counsel.

## DECISION

    The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion for the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). This provision is known as the compassionate release provision of the federal criminal code. The First Step Act of 2018 amended that provision to authorize "the court, upon motion of the Director of the Bureau of Prisons, **or upon motion of the defendant** . . . may reduce a term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction." Pub. L. 115-391, § 603(b), 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis supplied).

    Defendant was sentenced for a crime committed on or before August 4, 1987. *See* redacted [superseding] information, Doc. 21, and redacted factual basis statement, Doc. 25. Defendant was not sentenced under the Sentencing Reform Act but under the indeterminate sentencing provisions, referred to as the "old law" sentencing provisions. Defendants subject to

the old law sentencing scheme were also subject to the Parole Commission and Reorganization Act of 1976, PL 94–233, 90 Stat 219, then codified at 18 U.S.C. §4201-4218.

The Parole Act provided for early release of a prisoner as follows:

> At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required.

18 U.S.C. 4205(g). The Sentencing Reform Act repealed the Parole Act effective November 1, 1987, but the Parole Act remains the controlling law for inmates whose offenses occurred prior to that date. 28 C.F.R. § 572.40.

The United States Court of Appeals for the Ninth Circuit recently set forth an explanation of the differences in compassionate release applicable to defendants subject to the old law and those subject to the Sentencing Reform Act, as amended by the First Step Act:

> From 1976 to 1984, § 4205(g) defined the procedures through which inmates could gain compassionate release. Under the statute, a prisoner was not allowed to directly request compassionate release by filing a motion in district court. Only the BOP could seek such relief on behalf of the inmate. The SRA repealed § 4205(g) in 1984 and replaced it with § 3582(c)(1), effective on November 1, 1987. An amendment to the SRA established that § 3582(c)(1) only applies to prisoners who offended on or after November 1, 1987, and inmates who committed crimes on or before October 31, 1987, remain subject to § 4205(g) and cannot themselves file a motion for compassionate release.

United States v. King, 24 F.4th 1226, 1228–29 (9th Cir. 2022) (internal citations omitted).

Prior to the First Step Act, compassionate release under both the Parole Act and the Sentencing Reform Act could only be initiated by the BOP. When Congress enacted the First Step Act and amended § 3582(c) to authorize a prisoner to file a motion for compassionate release in the district court, Congress did not amend § 4205(g) which was still applicable to old law prisoners. Thus, defendant, like all old law prisoners, cannot seek compassionate release by filing a motion in the district court. Only the BOP can initiate compassionate release on his behalf.

District of South Dakota issued Standing Order 20-06, In the Matter of Establishing a Procedure for Compassionate Release Motions under the First Step Act, which, *inter alia,* automatically appoints the Federal Public Defender to "represent all defendants in criminal

cases: (a) who previously were determined to be entitled to appointment of counsel or who are now indigent; and (b) who may be eligible to seek compassionate release under the First Step Act." In this case, the Federal Public Defender has moved to withdraw from the appointment because, as set forth above, the defendant is not entitled to seek compassionate release under the First Step Act. The motion for withdrawal will be granted by separate order. Defendant's *pro se* request for the appointment of counsel to assist in preparing a motion for compassionate release should be denied because he is not entitled to move for compassionate release.

## ORDER

Based upon the foregoing,

IT IS ORDERED that defendant's motions, Doc. 51, for the appointment of counsel and his request for compassionate release are denied.

DATED this 7th day of March, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge